
## U.S. District Court
## Eastern District of New York (Brooklyn)
## CIVIL DOCKET FOR CASE #: 1:07-cv-04843-FB-CLP

Felicien v. U.S. Federal Environmental Protection Agency
(USFEPA) et al
Assigned to: Senior-Judge Frederic Block
Referred to: Magistrate-Judge Cheryl L. Pollak
Cause: 42:1981 Civil Rights

Date Filed: 11/20/2007
Date Terminated: 04/21/2008
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: U.S. Government
Defendant

### Plaintiff

**Anthony Felicien**
*as Administrator and personal*
*representative of the Estate of Eldon*
*Felicien, deceased*

represented by **Anthony Chike Emengo**
Anthony C. Emengo Esq.
472 Union Avenue
Williamsburg, NY 11211
718-937-8000
Fax: 718-937-8001
Email: emensac1@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**U.S. Federal Environmental**
**Protection Agency (USFEPA)**

represented by **David S. Fishback**
U.S. Department of Justice
1331 Pennsylvania Avenue NW
Washington, DC 20004
202-616-4206
Fax: 202-616-4473
Email: david.fishback@usdoj.gov
*ATTORNEY TO BE NOTICED*



U.S. DISTRICT COURT
FILED
APR 23 2008
S.D. OF N.Y.

### Defendant

**City of New York**

### Defendant

**Port Authority of New York and New**
**Jersey**

A TRUE COPY
ATTEST
DATE........................20......
ROBERT C. HEINEMANN
..................................CLERK
BY..................................
DEPUTY CLERK

**New York City Transit Authority**    represented by **Melissa Shari Katz**
New York City Transit Authority
130 Livingston Street
Room 1212
Brooklyn, NY 11201
718-694-3893
Fax: 718-694-1070
Email: melissa.katz@nyct.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard Schoolman**
New York Transit Authority
130 Livingston Street 12th floor
Brooklyn, NY 11201
(718)694-4667
Fax: 718-694-5727
Email: Richard.Schoolman@nyct.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/20/2007 | 1 | COMPLAINT against U.S. Federal Environmental Protection Agency (USFEPA), City of New York, Port Authority of New York and New Jersey, New York City Transit Authority $ 350, filed by Anthony Felicien. (Attachments: # 1 Civil Cover Sheet) (Bowens, Priscilla) (Entered: 11/21/2007) |
| 11/20/2007 |  | Summons Issued as to U.S. Federal Environmental Protection Agency (USFEPA), City of New York, Port Authority of New York and New Jersey, New York City Transit Authority, U.S. Attorney and U.S. Attorney General (Bowens, Priscilla) (Entered: 11/21/2007) |
| 12/26/2007 | 2 | ANSWER to 1 Complaint, by New York City Transit Authority. (Katz, Melissa) (Entered: 12/26/2007) |
| 01/10/2008 | 3 | SCHEDULING ORDER: An initial conference has been scheduled in the above-captioned case on **JANUARY 25, 2008 at 10:30 AM,** before the Honorable Cheryl L. Pollak. Ordered by Magistrate Judge Cheryl L. Pollak on 1/10/08. (Caggiano, Diana) (Entered: 01/10/2008) |
| 01/22/2008 | 4 | NOTICE of Appearance by Richard Schoolman on behalf of New York City Transit Authority (aty to be noticed) (Schoolman, Richard) (Entered: 01/22/2008) |
| 01/24/2008 | 5 | RESCHEDULING ORDER: The Initial Conference previously scheduled for January 25, 2008 at 10:30 AM has been rescheduled to **FEBRUARY 8, 2008** |

| 02/08/2008 | 📄 6 | MINUTE ENTRY for Initial Conference proceeding before MJ Pollak on 2/8/2008. Plaintiff's counsel fails to appear. Conference adjourned to **2/13/08 @ 3:30 PM.** (Caggiano, Diana) (Entered: 02/08/2008) |
|---|---|---|
| 02/13/2008 | 📄 7 | RESCHEDULING ORDER: The Initial Conference previously scheduled for FEBRUARY 13, 2008 at 3:30 PM has been rescheduled to **FEBRUARY 28, 2008 at 9:30 AM** before the Honorable Cheryl L. Pollak. Ordered by Magistrate Judge Cheryl L. Pollak on 2/13/08. (Caggiano, Diana) (Entered: 02/13/2008) |
| 02/28/2008 | 📄 8 | MINUTE ENTRY for Initial Conference proceeding held before MJ Pollak on 2/28/2008. Plaintiff to file proof of service and/or reserve Federal Government, City and Port Authority. Government to submit letter requesting transfer to SDNY. (Caggiano, Diana) (Entered: 02/28/2008) |
| 02/29/2008 | 📄 9 | Letter MOTION for Hearing *Request for Pre-Motion Conference on Defendant NYCT Motion for Judgment on the Pleadings* by New York City Transit Authority. (Katz, Melissa) (Entered: 02/29/2008) |
| 03/04/2008 | 📄 | Motions terminated, docketed incorrectly: THIS IS A LETTER APPLICATION FOR A PRE-MOTION CONFERENCE AND NOT A FORMAL MOTION. Counsel will be notified of a pre-motion conference by an ECF notice. 9 Letter MOTION for Hearing *Request for Pre-Motion Conference on Defendant NYCT Motion for Judgment on the Pleadings* filed by New York City Transit Authority. (Innelli, Michael) (Entered: 03/04/2008) |
| 03/04/2008 | 📄 10 | *Letter to Court in* ANSWER to 1 Complaint, *and request for hearing to transfer to S.D.N.Y.* by U.S. Federal Environmental Protection Agency (USFEPA). (Fishback, David) (Entered: 03/04/2008) |
| 03/19/2008 | 📄 11 | ELECTRONIC NOTICE: A pre motion conference is schedule for April 18, 2008 @ 11AM. There will be no formal notice mailed to counsel. Upon receipt of this email counsel shall confirm with each other the date and time of this conference. If this date presents a conflict counsel shall first obtain the consent from all the parties to adjourn this conference, and then notify the Court which conducts these conference on Fridays at 11AM. (Innelli, Michael) (Entered: 03/19/2008) |
| 04/18/2008 | 📄 12 | Minute Entry for proceedings held before Senior Judge Frederic Block:Pre Motion Conference held on 4/18/2008. All counsel present by telephone, anticipated motion discussed. The case will be transferred to the SDNY as related to September 11th, 2001 cases, assigned to Judge Hellerstein. (Lee, Tiffeny) (Entered: 04/21/2008) |
| 04/21/2008 | 📄 13 | ORDER transferring case to the Southern District of New York (SDNY) as related to 21-MC-100. Case transferred to District of New York - Southern. Original file, certified copy of transfer order, and docket sheet sent. Ordered by Senior Judge Frederic Block on 4/21/2008. (Lee, Tiffeny) (Entered: |

| 04/21/2008 | 🗋 14 | CERTIFICATE OF SERVICE: Cover letter and FedEx Tracking Receipt No. 816178168283. (Lee, Tiffeny) (Entered: 04/21/2008) |
|---|---|---|

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BLOCK J

-------------------------------------------------------X

POLLAK, M.J

ANTHONY FELICIEN, as Administrator
and personal representative of the estate of
ELDON FELICIEN, Deceased,

Civil Action No.
COMPLAINT AND
JURY TRIAL DEMAND

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

-against-

★ NOV 20 2007 ★

BROOKLYN OFFICE

U.S. FEDERAL ENVIRONMENTAL
PROTECTION AGENCY (USFEPA),
THE CITY OF NEW YORK, PORT
AUTHORITY OF NEW YORK AND
NEW JERSEY, and NEW YORK CITY
TRANSIT AUTHORITY.

-------------------------------------------------------X

Plaintiff **ANTHONY FELICIEN, suing as Administrator and personal representative of
the estate of his son ELDON FELICIEN, Deceased,** as and for a complaint, by his
undersigned counsel, alleges as follows:

## INTRODUCTION

1. This is an action to remedy violations of the rights of his son, Eldon Felicien, deceased
under 42 U.S.C.§§ 1981, 2000e et seq; Civil Rights Act of 1964 and Title VII respectively,, as
administrator of the estate of ELDON FELICIEN and as a wrongful death action pursuant to
EPTL 5-4 New York, commonly known as the Wrongful Death Act.

2. Plaintiff, **ANTHONY FELICIEN, suing as Administrator and personal
representative of the estate of his son ELDON FELICIEN, Deceased,** was and is an adult
resident   of the County of Queens, City and State of New York, is the Father of the decedent,
ELDON FELICIEN.

3. The causes of action herein laid by Plaintiff **ANTHONY FELICIEN, suing as
Administrator and personal representative of the estate of his son ELDON FELICIEN,
Deceased,** arose on or about March 01, 2007, when it was discovered that ELDON FELICIEN,

1

deceased, who died on or about December 16, 2004 from then unknown cause(s), indeed died as a result of inhalation of noxious fumes and substances by the decedent while on duty as a traffic checker on his duty post at chambers street subway station (underground) during the period on or about September 11, 2001 and on dates subsequent thereto. Decedent was exposed to noxious and deadly gases, fumes and substances emitting from the ruins of the World Trade Center as a result of the negligent and/or affirmative misrepresentation of the respondents to the world at large, that the air and atmosphere around the vicinity of the ruins of World Trade Center was clean and free of noxious and deadly gases and substances, which said representation though known to be false, was meant to be relied upon by the public at large and was indeed relied upon by the public and particularly, ELDON FELICIEN, deceased, who went to work dutifully at the chambers street underground subway station on diverse days during and after September 11, 2001, where he inhaled the deadly and noxious fumes gases and substances which caused his untimely death at the age of 26 years old.

3. ELDON FELICIEN, deceased, was compelled by duty as an employee of the New York City Transit Authority, engaged in essential duty to attend to work at said dangerous location.

## JURISDICTION AND VENUE

4. The jurisdiction of the Court is invoked based on federal question namely civil rights of plaintiff and under the Federal Tort Claims Act. Plaintiff shall rely on 28 U.S.C.§§1140, 1331, 1391(b) and 29 U.S.C. § 1132.  This Court's pendent jurisdiction is also invoked in relation to causes of action arising under state law herein included.

5. The unlawful acts  alleged herein were committed in whole or in part in the Southern District of New York.

2

## PARTIES

6. Plaintiff, is a resident of Queens County, New York within the territorial jurisdiction of the Eastern District of New York.

7. The **UNITED STATES FEDERAL ENVIRONMENTAL PRESERVATION AUTHORITY (USFEPA)** was and still is a corporation sole, duly organized and created by Congress existing under and by virtue of Executive Orders of the President capable of suing and being sued by virtue of the Federal Tort Claims Act.

8. That at all times hereinafter mentioned, the defendant **THE CITY OF NEW YORK,** herein, is a municipality existing and governed by the General Municipal Law of the State of New York while defendant **NEW YORK CITY TRANSIT AUTHORITY** at all times hereinafter mentioned, is a municipal corporation organized and existing by virtue of and under the laws of the State of New York with its principal place of business located at 130 Livingston Street Brooklyn New York 11201.

9. The **PORT AUTHORITY OF NEW YORK AND NEW JERSEY** is a public corporation chartered by an Act of Congress existing thereunder with its principal offices in the City of New York. The port Authority owned managed and controlled the World Trade Center property and controlled the site of the ruins at all times immediately after September 11, 2001 and thereafter.

## DEMAND FOR A JURY TRIAL

10. Plaintiff demands that his case be tried and determined by a jury of his peers resident in the Southern District of New York

## FACTS

11. The claim herein laid by Claimant ANTHONY FELICIEN, as Administrator and

3

personal representative of the estate of ELDON FELICIEN, Deceased, arose on or about March

01, 2007, when it was discovered that decedent Eldon Felicien, deceased, who died on or about

December 16, 2004 then said to be from then unknown cause(s), indeed died as a result of

inhalation of noxious fumes and substances by the decedent while on duty as a traffic checker on

his duty post at chambers street subway station (underground) during the period on or about

September 11, 2001 and on dates subsequent thereto, Decedent was exposed to noxious and

deadly gases, fumes and substances emitting from the ruins of the World Trade Center as a result

of the negligent and/or affirmative misrepresentation of the respondents to the world at large,

that the air and atmosphere around the vicinity of the ruins of World Trade Center was clean and

free of noxious and deadly gases and substances, which said representation though known to be

false, was meant to be relied upon by the public at large and was indeed relied upon by the

public and particularly, ELDON FELICIEN, deceased, who went to work dutifully at the

chambers street underground subway station on diverse days during and after September 11,

2001, where he inhaled the deadly and noxious fumes gases and substances..

12. Respondent New York Transit Authority decedent's employer failed and or neglected

to supply said ELDON FELICIEN, deceased, with a safe work environment that was free from

all known dangerous and noxious circumstances.

13. Respondents knew and /or ought reasonably have known that the air around the

vicinity of the World Trade Center on September 11, 2001 and during the period immediately

thereafter preceding, was laden with harmful dangerous and noxious substances inhalation of

which had potential lethal consequences.

14. As a result thereof, Eldon Felicien, deceased, subsequently took ill and was

diagnosed with unknown ailment of the respiratory track which resulted in his untimely death.

After numerous tests and research, it has now been determined that his death was a direct result

of inhalation of toxic, dangerous and noxious fumes, gases and substances at his place of work

on or around September 11, 2001 and periods thereafter.

15. The defendant City of New York and the Port Authority of New York and New

Jersey which owned the World Trade Center, actively with defendant USFEPA negligently

and/or affirmatively disseminated false information to the generality of the public knowing the

same to be false and without regard to the consequences of public relying on said information

that the air around the ruins of World Trade Center destruction was safe and devoid of hazard.

16. Decedent Eldon Felicien relied upon said false representation to his peril. He died

from respiratory disease contacted from having inhaled toxic and hazardous fumes and gases

from the ruins.

17. Eldon Felicien died on or about December 16, 2004.


## PROCEDURAL REQUIREMENTS

18. Plaintiff has satisfied all procedural requirements prior to commencing this action.

Heretofore and on a timely basis, a notice of claim was duly served upon the defendants within

two years of the accrual of the cause of action. The notice of claim and notice of intention to sue

was duly timely served upon the defendants. Plaintiff has duly expressed an intention to submit

to an inquiry concerning the justness of his claim at the instance of the corporate defendants.

19. That more than 180 days (six months) have elapsed since the service of the notice of

claim and notice of intention to sue upon the defendants respectively. That the defendants have

failed, neglected, and refused to pay, settle, compromise, or adjust the claim of the plaintiff

herein..

## FOR A FIRST CAUSE OF ACTION

20. Plaintiff herein re-alleges, reiterates and re-pleads the allegations in paragraphs 1 to

19 herein as if the same were herein specifically set forth.

21. Upon information and belief, that at all times hereinafter mentioned, defendants acted in concert with, and owned, maintained, and controlled the offices and instrumentalities employed by the defendant Port Authority of New York and New Jersey in their actions and conduct which are all hereinafter mentioned in this action.

22. As a direct and proximate result of the defendants' wrongful conduct, the decedent, ELDON FELICIEN died on 16th day of December, 2004.

23.    The decedent left surviving her various persons who were her next of kin, including ANTHONY FELICIEN and HELENA FELICIEN, decedent's Father and Mother who are entitled to take decedent's intestate personal property, and who have suffered pecuniary injury, including the loss of decedent's financial support.

24.    As a further direct and proximate result of Defendant's negligence and/or negligent misrepresentations, and the death of ELDON FELICIEN caused thereby, plaintiff ANTHONY FELICIEN and his wife have suffered the loss of society and companionship of their son.

## AS AND FOR A SECOND CAUSE OF ACTION

25. Repeats and realleges each and every allegation contained in paragraphs 1, to 24 with the same force and effect as if set forth here at length.

26. In view of the reckless disregard with which defendants negligently and/or affirmatively disseminated false information to the generality of the public without regard to the consequences of public relying on said information that the air around the ruins of World Trade Center destruction was safe and devoid of hazard not caring that the reliance on the said misrepresentation may have fatal consequences and which in fact did result in several fatalities, decedent ELDON FELICIEN was denied of his civil and inalienable right to life preserved under

6

the constitution of the United States of America.

27. Particularly, Defendant, United States Federal Environmental Protection Agency (USFEPA), is statutorily charged with the duties, among others, of monitoring the quality of air, determining its toxicity and advising the public of the safety, safeness and fitness for inhalation thereof, with a reasonable expectation that the public will rely on the correctness and authenticity of its advisory on public health statements regarding environmental hazards including air quality. Defendant, United States Federal Environmental Protection Agency (USFEPA), owed a duty of care to ensure that statements about presence or absence of environmental health hazards in an advisory to the public is correct, truthful and not false a propaganda actuated by mere political expediency.

28.Defendant, United States Federal Environmental Protection Agency (USFEPA), breached this duty of care owed to decedent Eldon Felicien when during the periods immediately following September 11, 2001 including that day, it disseminated information that was incorrect, untruthful, false and deliberately distorted for the purposes of political correctness, thereby misleading decedent Eldon Felicien into relying on the advisory to his peril.

29. Plaintiff claims damages on the footing of aggravated and or punitive damages on account of the reckless and flagrant abuse of civil rights plaintiff and all others similarly situated and as a punishment for abuse of public authority, which resulted in the wrongful death of decedent Eldon Felicien, in the quantum of $10,000,000. ( Ten Million Dollars).

## AS AND FOR A THIRD CAUSE OF ACTION

30. Repeats and realleges each and every allegation contained in paragraphs 1, to 29 with the same force and effect as if set forth here at length.

31. Defendant, New York City Transit Authority negligently failed to provide decedent ELDON FELICIEN with a safe working environment by not providing the decedent with proper and adequate respiratory masks and apparatus to protect him from the deadly toxic and noxious

7

gases present at his duty post at all times material to this action.

32. By reason of the said negligence of defendant New York City Transit Authority in failing to provide a safe working environment to decedent Eldon Felicien, which resulted in injuries and ultimately the wrongful death of decedent Eldon Felicien, plaintiff claims damages against NYCTA in the quantum of $10,000,000. ( Ten Million Dollars).

**WHEREFORE**, plaintiff demands judgment against the defendants, **THE CITY OF NEW YORK, PORT AUTHORITY OF NEW YORK AND NEW JERSEY, and NEW YORK CITY TRANSIT AUTHORITY and USFEPA,** for the wrongful death, conscious pain and suffering, loss of society and companionship**,** for the first and third causes of action in the sum of $20,000,000. (Twenty Million Dollars) and punitive damages, plus costs and disbursements of this action, including Attorneys fees in a sum as would be determined by a jury of his peers and any other and further, relief(s) as to the court will seem just and equitable.

Dated: Williamsburg, New York
        November 04, 2007.

ANTHONY C. EMENGO, Esq.
Attorney for Plaintiff
472 Union Avenue, Ste 1000,
Williamsburg, New York 11211.
(718) 937-8000

By: _____
        Anthony C. Emengo, Esq.

## DECLARATION

STATE OF NEW YORK    )
                               ) ss:

COUNTY OF KINGS     )

**ANTHONY FELICIEN,** being firstly duly sworn declares that  I have read the

foregoing complaint and know the contents thereof;  the same are true to my knowledge, except

as to matters therein stated to be alleged upon information and belief, and as to those matters I

believe them to be true.

My knowledge above is derived from a perusal of documents and records connected with

this case and from personal knowledge.

Dated:       Williamsburg, New York
                November 04, 2007.

ANTHONY FELICIEN

Anthony C. Emengo
Notary Public, State of New York
No. 02EM5070138
Qualified in Suffolk County
Commission Expires, 12/9/20__

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
**ANTHONY FELICIEN, as Administrator**
**and personal representative of the estate of**
**ELDON FELICIEN, Deceased,**                                CERTIFICATE OF MERIT

      -against-

**THE CITY OF NEW YORK, PORT**
**AUTHORITY OF NEW YORK AND**
**NEW JERSEY, and NEW YORK CITY**
**TRANSIT AUTHORITY and USFEPA**
-------------------------------------------------------X

       I, **ANTHONY C. EMENGO, ESQ.,** an attorney for the plaintiff, do hereby certify that I have reviewed the facts of this case and have had numerous conferences with the plaintiff, and together other colleagues and associates, I have thoroughly researched all the questions of Law raised in the Complaint herein.

       I have also consulted with experts in the field of law involved in the case herein and as a result thereof, I have concluded that there is a reasonable basis for the commencement of the above captioned action.

Dated: Williamsburg, New York
       November 04, 2007.

                              **ANTHONY C. EMENGO, ESQ.**
                              Attorney for Plaintiff
                              472 Union Avenue, Ste 1000,
                              Williamsburg, New York 11211.
                              (718) 937-8000

By:_____
                       Anthony C. Emengo, Esq.

10

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

0 4843

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

ANTHONY FELICIEN, as Administrator of the estate of ELDON FELICIEN, Deceased

**DEFENDANTS**

U.S. Federal Environmental Protection
The City of NY, Ports Authority of
NY & NJ & NY
Evangel Material

(b) County of Residence of First Listed Plaintiff    QUEENS
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ NOV 20 2007 ★
BROOKLYN OFFICE

BLOCK J.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Anthony C. Emengo, Esq., 472 Union Avenue Suite 1000 Williamsburg
NY 11211 (718) 937-8000

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

POLLAK. M.J.

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff

(For Diversity Cases Only)                                      and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY** | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C.§§ 1981, 2000e et seq, Civil Rights Act of 1964 and Title VII

Brief description of cause:
Wrongful death caused negligent false information disseminated by defendants about the toxic quality of the air

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**
20,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE                          DOCKET NUMBER

DATE Nov 20/07

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

## ARBITRATION CERTIFICATION

I, Anthony Emengo_____, counsel for Plaintiff_____ do hereby certify pursuant to the Local Arbitration Rule 83.10 that to the best of my knowledge and belief the damages recoverable in the above captioned civil action exceed the sum of $150,000 exclusive of interest and costs. _____ Relief other than monetary damages is sought.

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:
_____

### Please refer to NY-E Division of Business Rule 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District of New York removed from a New York State court located in Nassau or Suffolk County: NO_____

2.) If you answered "no" above:

a.) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County? NO_____

b.) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District? NO_____

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County? No_____

(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

**I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.**

Yes___✓___                              No_____

**Are you currently the subject of any disciplinary action(s) in this or any other state or federal court?**

Yes_____(If yes, please explain)          No___✓___
_____

_____

Please provide your E-MAIL Address and bar code below. Your bar code consists of the initials of your first and last name and the last four digits of your social security number or any other four digit number registered by the attorney with the Clerk of Court.
(This information must be provided pursuant to local rule 11.1(b) of the civil rules).

**ATTORNEY BAR CODE:** AE0582_____

**E-MAIL Address:** Emensac1@ aol.com_____

I consent to the use of electronic filing procedures adopted by the Court in Administrative Order No. 97-12, "In re Electronic Filing Procedures(EFP)", and consent to the electronic service of all papers.

**Signature:** _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------- x

ANTHONY FELICIEN, as Administrator
and personal representative of the estate of
ELDON FELICIEN, Deceased

                                                **Plaintiff,**

-against-

U.S. FEDERAL ENVIRONMENTAL
PROTECTION AGENCY (USFEPA),
THE CITY OF NEW YORK, PORT
AUTHORITY OF NEW YORK AND NEW JERSEY, and
NEW YORK CITY TRANSIT AUTHORITY,

                                        **Defendants.**

-------------------------------------------------------------------------- x

**ANSWER OF DEFENDANT
NEW YORK CITY
TRANSIT AUTHORITY TO
THE COMPLAINT**

**CV-07-4843 (FB)(CLP)**

       Defendant New York City Transit Authority ("TA"), for its answer to the complaint dated November 4, 2007 (hereinafter referred to as "the complaint"), states as follows:

1.      As paragraph 1 of the complaint purports to describe the plaintiff's view of the purpose of, and the legal basis for, this action, the paragraph contains legal conclusions but no averments that require a response in this answer.  In any event, the TA denies that it violated 42 U.S.C. §§ 1981, 2000e *et seq*., or the Civil Rights Act of 1964, or Title VII, or that it has committed any violation of the rights of Eldon Felicien under those statutes, or under the Wrongful Death Act, or otherwise.

2.      As to the averments of paragraph 2 of the complaint, the TA lacks information sufficient to form a belief as to their truth.

3(a).    As to the averments of the first numbered paragraph 3 of the complaint, the TA   admits

that Eldon Felicien worked as a traffic checker (employed not by TA but by the Manhattan

and Bronx Surface Transit Operating Authority ("MaBSTOA")) beginning in 2001 and into

January 2004.  The TA denies making any misrepresentations as referenced in line 9. The TA

currently lacks information as to the "duty post" to which Eldon Felicien was assigned on or

after September 11, 2001, and lacks information sufficient to form a belief as to the truth of

the paragraph's remaining averments.

3(b).    As to the averments of the second numbered paragraph 3 of the complaint, the TA denies

that  Eldon Felicien was an employee of the TA, and lacks information sufficient to form a

belief as to the truth of the paragraph's remaining averments.

4.       Paragraph 4 of the complaint seems to set out the plainitff's view of the basis for this

Court's jurisdiction and so contains no factual averments requiring a response by the TA.

5.       As to the averments of paragraph 5 of the complaint, the TA lacks information sufficient to

form a belief as to their truth.

6.       As to the averments of paragraph 6 of the complaint, the TA lacks information sufficient to

form a belief as to their truth.

7.       As to the averments of paragraph 7 of the complaint, defendant lacks information sufficient

to form a belief as to their truth.

8.       As to the averments of paragraph 8 of the complaint, the TA lacks sufficient information to

form a belief as to the truth of the first two sentences, and the first three words of the third

sentence, of the paragraph and admits the remaining averments except states that 130

Livingston Street in Brooklyn is a principal place of business of the TA.

9.     As to the averments of paragraph 9, the TA lacks information sufficient to form a belief as to

their truth.

10.     Paragraph 10 of the complaint purports to be a demand for a jury trial, and this contains no

averments requiring a response; the TA notes, however, that it does not believe that this case,

being venued in the Eastern District of New York, may be heard by jurors "resident in the

Southern District of New York."

11.     As to the averments of paragraph 11, the TA admits that Eldon Felicien worked as a traffic

checker (but employed by MaBSOTA, not the TA) beginning in 2001 and into January 2004.

The TA denies making any misrepresentations as referenced in line 9. The TA currently lacks

information as to the "duty post" to which Eldon Felicien was assigned on or after September

11, 2001, and lacks information sufficient to form a belief as to the truth of the paragraph's

remaining averments

12.     The TA denies the averments contained in paragraph 12 of the complaint; including the

averment that the TA was "decedent's employer."

13.     The TA denies, for itself, the averments contained in paragraph 13 of the complaint.

14.     As to the averments of paragraph 14, the TA lacks information sufficient to form a  belief as

to their truth.

15.     As to the averments of paragraph 15, the TA lacks information sufficient to form a belief as

to their truth.

16.    As to the averments of paragraph 16, the TA lacks information sufficient to form a belief as to their truth.

17.    As to the averments of paragraph 17, the TA lacks information sufficient to form a belief as to their truth.

18.    As to the averments of paragraph 18, the TA denies it was served with a timely notice of claim in accordance with the New York Public Authorities and General Municipal Law. The TA lacks sufficient information to form a belief as to the truth of the averments with regard to the other defendants.

19.    The TA admits the averments contained in paragraph 19 of the complaint to the extent that they refer to the TA, and otherwise denies knowledge sufficient to answer the other averments.

20.    As to paragraph 20 of the complaint, the TA reiterates its responses above to the averments of paragraphs 1 through 19 of the complaint.

21.    The TA finds paragraph 21 too ambiguous to respond to, and thus denies its averments.

22.    The TA denies the averments addressed to the TA contained in paragraph 22 of the complaint, and otherwise denies knowledge or information.

23.    As to the averments of paragraph 23, the TA lacks information sufficient to form a belief as to their truth.

24.    The TA denies the averments contained in the first two lines of paragraph 24 up to "thereby" and lacks information sufficient to form a belief of the truth to the averments in the remaining portion of the paragraph.

25.     As to paragraph 25 of the complaint, the TA reiterates its responses above to the averments of paragraphs 1 through 24 of the complaint.

26.     The TA denies the averments of paragraph 26 of the complaint to the extent addressed to the TA, and otherwise denies knowledge or information sufficient to respond to that paragraph's averments.

27.     The TA lacks information sufficient to form a belief of truth as to the averments of paragraph 27.

28.     The TA lacks information sufficient to form a belief of truth as to the averments of paragraph 28.

29.     The TA denies any averments of paragraph 29 addressed to the TA, and otherwise denies knowledge or information sufficient to respond to the other averments of that paragraph.

30.     As to paragraph 30 of the complaint, the TA reiterates its responses above to the averments of paragraphs 1 through 29 of the complaint.

31.     The TA denies the averments of paragraph 31 of the complaint.

32.     The TA denies the averments of paragraph 32 of the complaint.

## AFFIRMATIVE DEFENSES

33.     All of plaintiff's claims against the TA are barred by the New York State Workers' Compensation Law.

34.     Plaintiff failed to serve a timely notice of claim on the TA in accordance with New York Public Authorities Law and General Municipal Law.

35.     Plaintiff's claims as against the TA are time-barred.

36.     Plaintiff failed to state a claim against the TA.

37.     Plaintiff failed to exhaust all administrative remedies with regard to its claims against the TA.

38.     The TA never employed plaintiff and therefore not a proper party to this action.

     Dated: Brooklyn, New York
          December 26, 2007

                                        Yours, etc.

                                      _____/s/_____
                                      Melissa S. Katz
                                      Richard Schoolman
                                      Office of the General Counsel
                                      New York City Transit Authority
                                      130 Livingston Street-12[th] Floor
                                      Brooklyn, NY 11201
                                      718-694-3893/4667
                                      *Attorneys for Defendant*
                                      *New York City Transit Authority*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ANTHONY FELICIEN,

                    Plaintiff,                          **O R D E R**

                                                        07 CV 4843 (FB)

                    - against -

U.S. FEDERAL ENVIRONMENTAL
PROTECTION AGENCY, et al.,

                    Defendants,
----------------------------------------------------------X


         An initial conference has been scheduled in the above-captioned case on **JANUARY 25,**

**2008** at **10:30 AM**, before the Honorable Cheryl L. Pollak, United States Magistrate Judge, in

Room 1230 at 225 Cadman Plaza East, Brooklyn, New York.

         **All counsel must be present.  Plaintiff's counsel is requested to confirm with**

**defendant's counsel that all necessary participants are aware of this conference.**

         In the event an answer has not yet been filed at the time this Order is received, plaintiff's

counsel is to notify counsel for the defendant of this conference as soon as an answer is filed.

Plaintiff's counsel is to notify the undersigned, in writing, at least two days before the scheduled

conference if an answer still has not been filed.  No request for adjournment will be considered

unless made **in writing** at least forty-eight (48) hours before the scheduled conference.

         **THE PARTIES ARE REMINDED OF THE REQUIREMENTS OF THE AMENDMENTS TO RULE**

**26 Fed. R. Civ. P. IT IS EXPECTED THAT THE MEETING REQUIRED BY THIS RULE WILL BE HELD**

**AT LEAST 14 DAYS BEFORE THE CONFERENCE, AND THAT ALL MANDATORY DISCLOSURES**

**WILL BE MADE.**

Parties are required to participate in Electronic Case Filing (ECF). ECF enables both the court and litigants to file all case documents electronically, including pleadings, motions, correspondence and orders. ECF is a straightforward system which is easily understood. A user's manual is available through the Clerk's Office, or at our website at http://www.nyed.uscourts.gov. If needed, free training can be arranged for attorneys and their staff at either Eastern District courthouse. All counsel of record will receive notice by e-mail every time a document is filed in this case via ECF.

All counsel of record who have not yet registered for ECF must do so within two weeks. If there are other attorneys in the firm who will be working on this case, such attorneys should promptly file a notice of appearance and register for ECF.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.


SO ORDERED.

Dated: Brooklyn, New York
       January 10, 2008


                                    /S/   Cheryl L. Pollak
                                    _____
                                    Cheryl L. Pollak
                                    United States Magistrate Judge
                                    Eastern District of New York

## <u>INITIAL CONFERENCE QUESTIONNAIRE</u>

1. Date of completion of automatic disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, if not yet made: _____

2. If additional interrogatories beyond the 15 permitted under the local court rules are needed, the maximum number of:  plaintiff(s) _____ and defendant(s) _____

3. Maximum number of requests for admission by:  plaintiff(s) ___ and defendant(s) _____

4. Number of depositions by plaintiff(s) of:   parties _____ non-parties _____

5. Number of depositions by defendant(s) of: parties _____ non-parties _____

6. Time limits for depositions: _____

7. Date for completion of factual discovery: _____

8. Number of expert witnesses of plaintiff(s):   medical _____ non-medical _____

   Date for expert report(s): _____

9. Number of expert witnesses of defendant(s): medical _____ non-medical _____

   Date for expert report(s): _____

10. Date for completion of expert discovery:  _____

11. Time for amendment of the pleadings by plaintiff(s) _____or by defendant(s) _____

12. Number of proposed additional parties to be joined by plaintiff(s) _____ and by defendant(s) _____ and time for completion of joinder: _____

13. Types of contemplated dispositive motions:   plaintiff(s): _____
                                                defendant(s) _____

14. Dates for filing contemplated dispositive motions:  plaintiff(s): _____
                                                       defendant(s) _____

15. Does any parties object to having this case included in the Court's Electronic Case Filing program:  No objection _____ Objection by plaintiff _____ defendant _____

16. Will the parties consent to trial before a magistrate judge pursuant to 28 U.S.C. § 636(c)? (Answer no if any parties declines to consent without indicating which parties has declined.)  Yes _____ No _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

ANTHONY FELICIEN, as Administrator
and personal representative of the estate of
ELDON FELICIEN, Deceased,

|  |  |  |
|---|---|---|
|  | Plaintiff, | **NOTICE OF**<br>**APPEARANCE** |

-against-

U.S. FEDERAL ENVIRONMENTAL
PROTECTION AGENCY (USFEPA),
THE CITY OF NEW YORK, PORT
AUTHORITY OF NEW YORK AND NEW JERSEY, and
NEW YORK CITY TRANSIT AUTHORITY,

CV-07-4843 (FB)(CLP)

Defendants.

------------------------------------------------------------------ x

PLEASE TAKE NOTICE that I have been retained by the defendant NEW YORK CITY

TRANSIT AUTHORITY. I was admitted to practice in this District in 1975.

Dated: January 22, 2008
      Brooklyn, New York

*Richard Schoolman*

RICHARD SCHOOLMAN

Office of the General Counsel
New York City Transit Authority
130 Livingston Street, 12th Floor
Brooklyn, NY 11201
Office Address

718-694-4667
Office Telephone

Richard.Schoolman@nyct.com
Email address

1043008

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ANTHONY FELICIEN,

                  Plaintiff,

          - against -

U.S. FEDERAL ENVIRONMENTAL
PROTECTION AGENCY (USFEPA), et al.,

                  Defendants.
-----------------------------------------------------------X

**ORDER**

07 CV 4843 (FB)

      The Initial Conference previously scheduled for **January 25, 2008 at 10:30 AM** has

been rescheduled to **FEBRUARY 8, 2008** at **11:30 AM** before the Honorable Cheryl L. Pollak,

United States Magistrate Judge, at 225 Cadman Plaza East, Room 1230, Brooklyn, New York.

      **Plaintiffs' counsel is requested to CONFIRM with defendant's counsel that ALL**

**NECESSARY PARTICIPANTS are aware of this conference.**

      No request for adjournment will be considered unless made at least forty-eight (48) hours

before the scheduled conference.

      **SO ORDERED.**

Dated:  Brooklyn, New York
         January 24, 2008

                      /S/   *Cheryl L. Pollak*
                      CHERYL L. POLLAK
                      U.S. MAGISTRATE JUDGE

US MAGISTRATE JUDGE CHERYL L. POLLAK

DATE: _2/8/08_

TIME SPENT: _____

DOCKET NO. _07cv 4843 (FB)_____

CASE: _Felician v. US Federal Environmental_

_____ INITIAL CONFERENCE          _____ OTHER/STATUS CONFERENCE
_____ DISCOVERY CONFERENCE        _____ FINAL/PRETRIAL CONFERENCE
_____ SETTLEMENT CONFERENCE       _____ TELEPHONE CONFERENCE

**MANDATORY DISCLOSURE :**

_____ COMPLETED          _____ DATE TO BE COMPLETED BY

**FOR PLAINTIFF:**    _____

_____

**FOR DEFENDANT:**    _____

_____

_____ DISCOVERY TO BE COMPLETED BY_____

_____ NEXT CONFERENCE SCHEDULED FOR_____

_____ JOINT PRE-TRIAL ORDER TO BE SUBMITTED TO CLERK'S OFFICE BY _____

PL. TO SERVE DEF. BY:_____          DEF. TO SERVE PL. BY:_____

RULINGS: <u>PLEASE TYPE THE FOLLOWING ON DOCKET SHEET</u>

_Plaintiff's counsel fails to appear._
_Conference adjourned to_
_2/13 at 3:30_

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ANTHONY FELICIEN,

                     Plaintiff,

            - against -

U.S. FEDERAL ENVIRONMENTAL
PROTECTION AGENCY (USFEPA), et al.,

                    Defendants.
----------------------------------------------------------X

**ORDER**

07 CV 4843 (FB)

      The Initial Conference previously scheduled for **FEBRUARY 13, 2008 at 3:30 PM** has been rescheduled to **FEBRUARY 28, 2008** at **9:30 AM** before the Honorable Cheryl L. Pollak, United States Magistrate Judge, at 225 Cadman Plaza East, Room 1230, Brooklyn, New York.

      **Plaintiffs' counsel is requested to CONFIRM with defendant's counsel that ALL NECESSARY PARTICIPANTS are aware of this conference.**

      No request for adjournment will be considered unless made at least forty-eight (48) hours before the scheduled conference.

      **SO ORDERED.**

Dated:  Brooklyn, New York
         February 13, 2008

                           /S/   *Cheryl L. Pollak*
                          CHERYL L. POLLAK
                          U.S. MAGISTRATE JUDGE

US MAGISTRATE JUDGE CHERYL L. POLLAK          DATE: _2/08/08_

TIME SPENT: _____

DOCKET NO. _07 CW 4843 (FS)_ _____

CASE: _____Felicum v. U.S. EPA_____

___✓___ INITIAL CONFERENCE          ___-___ OTHER/STATUS CONFERENCE
_____ DISCOVERY CONFERENCE       _____ FINAL/PRETRIAL CONFERENCE
_____ SETTLEMENT CONFERENCE      _____ TELEPHONE CONFERENCE

**MANDATORY DISCLOSURE :**

_____ COMPLETED          _____ DATE TO BE COMPLETED BY

**FOR PLAINTIFF:** _____

_____

**FOR DEFENDANT:** _____

_____

_____ DISCOVERY TO BE COMPLETED BY_____

_____ NEXT CONFERENCE SCHEDULED FOR_____

_____ JOINT PRE-TRIAL ORDER TO BE SUBMITTED TO CLERK'S OFFICE BY _____

PL. TO SERVE DEF. BY:_____          DEF. TO SERVE PL. BY:_____

**RULINGS:** **PLEASE TYPE THE FOLLOWING ON DOCKET SHEET**

Pl. to file proof of service and/or reserve Federal Gvt, City and Port Authority

Gvt to submit letter requesting transfer to SDNY

130 Livingston Street
Brooklyn, NY 11201

Howard H. Roberts, Jr.
President

Tel. [718] 694-3893

 **New York City Transit**                February 28, 2008

Hon. Frederic Block, Judge
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Felicien v. U.S. Federal Environmental Protection Agency et al.*,
            1:07-cv-04843 (FB)(CLP)
Request for Pre-Motion Conference on Defendant New York City Transit Authority's
                Motion for Judgment on the Pleadings

Dear Judge Block:

        I am an attorney for the Defendant New York City Transit Authority (or "TA"). I write, pursuant to Your Honor's individual rules, to request a conference to discuss a planned motion (in accordance with Federal Rule of Civil Procedure 12(c)) to dismiss, on the pleadings, the TA as a Defendant from this action.  The TA filed an answer to Plaintiff's complaint on December 26, 2007.

        The Plaintiff in this action – Anthony Felicien – is suing as an administrator and personal representative of the estate of his deceased son, Eldon Felicien, a former TA traffic checker.  In this action, which was commenced on November 20, 2007, the Plaintiff essentially claims, as to the TA, that the TA was negligent in failing to provide decedent with a safe working environment after the destruction of the World Trade Center on September 11, 2001.  Allegedly because of that TA negligence as an employer, Plaintiff asserts that decedent died on or about December 16, 2004 as a result of inhaling noxious fumes and substances while working, as a TA employee, in the TA's subway system.  (A copy of Plaintiff's complaint is attached.)

        As a matter of law, however, Plaintiff's exclusive remedy against the TA, the decedent's former employer, lies within the New York State Workers' Compensation Law. *See Gillingham v. Geico Direct*, 2008 U.S. Dist. LEXIS 4169, at *25 (E.D.N.Y. January 18, 2008) ("Under the exclusive remedy doctrine of New York's Workers' Compensation Law ("NYWCL"), an employee may not sue her employer for a negligence-based injury which arose out of and in the course of her employment. N.Y. Workers' Comp. Law §§ 11, 29 (6)").  In fact "[t]he New York Court of Appeals has held it is an "arrogation of jurisdiction" for a court to consider the merits of a negligence tort claim where the claim falls within the scope of coverage of the Workers Compensation Law." *Gillingham*, 2008 U.S. Dist LEXIS 4169, at *25, *citing O'Rourke v. Long,* 41 N.Y. 2d 219, 221 (1976)).

        For the reasons outlined above Defendant TA should be dismissed from this action.

MTA New York City Transit is an agency of the Metropolitan Transportation Authority, State of New York
H. Dale Hemmerdinger, Chairman                    Elliot G. Sander, Executive Director and CEO

Respectfully,

Melissa S. Katz

Att.  (Plaintiff's Complaint)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BLOCK, J

------------------------------------------------------x

ANTHONY FELICIEN, as Administrator
and personal representative of the estate of
ELDON FELICIEN, Deceased,

POLLAK, M.J.

Civil Action No.
COMPLAINT AND
JURY TRIAL DEMAND

-against-

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

U.S. FEDERAL ENVIRONMENTAL
PROTECTION AGENCY (USFEPA),
THE CITY OF NEW YORK, PORT
AUTHORITY OF NEW YORK AND
NEW JERSEY, and NEW YORK CITY
TRANSIT AUTHORITY.

★  NOV 2 0 2007  ★

BROOKLYN OFFICE

------------------------------------------------------X

Plaintiff **ANTHONY FELICIEN, suing as Administrator and personal representative of**

**the estate of his son ELDON FELICIEN, Deceased,** as and for a complaint, by his

undersigned counsel, alleges as follows:

### INTRODUCTION

1. This is an action to remedy violations of the rights of his son, Eldon Felicien, deceased

under 42 U.S.C.§§ 1981, 2000e et seq; Civil Rights Act of 1964 and Title VII respectively,, as

administrator of the estate of ELDON FELICIEN and as a wrongful death action pursuant to

EPTL 5-4 New York, commonly known as the Wrongful Death Act.

2.     Plaintiff, **ANTHONY FELICIEN, suing as Administrator and personal**

**representative of the estate of his son ELDON FELICIEN, Deceased,** was and is an adult

resident   of the County of Queens, City and State of New York, is the Father of the decedent,

ELDON FELICIEN.

3. The causes of action herein laid by Plaintiff **ANTHONY FELICIEN, suing as**

**Administrator and personal representative of the estate of his son ELDON FELICIEN,**

**Deceased,** arose on or about March 01, 2007, when it was discovered that ELDON FELICIEN,

1

deceased, who died on or about December 16, 2004 from then unknown cause(s), indeed died as

a result of inhalation of noxious fumes and substances by the decedent while on duty as a traffic

checker on his duty post at chambers street subway station (underground) during the period on or

about September 11, 2001 and on dates subsequent thereto. Decedent was exposed to noxious

and deadly gases, fumes and substances emitting from the ruins of the World Trade Center as a

result of the negligent and/or affirmative misrepresentation of the respondents to the world at

large, that the air and atmosphere around the vicinity of the ruins of World Trade Center was

clean and free of noxious and deadly gases and substances, which said representation though

known to be false, was meant to be relied upon by the public at large and was indeed relied upon

by the public and particularly, ELDON FELICIEN, deceased, who went to work dutifully at the

chambers street underground subway station on diverse days during and after September 11,

2001, where he inhaled the deadly and noxious fumes gases and substances which caused his

untimely death at the age of 26 years old.

3. ELDON FELICIEN, deceased, was compelled by duty as an employee of the New

York City Transit Authority, engaged in essential duty to attend to work at said dangerous

location.

## JURISDICTION AND VENUE

4. The jurisdiction of the Court is invoked based on federal question namely civil rights

of plaintiff and under the Federal Tort Claims Act. Plaintiff shall rely on 28 U.S.C.§§1140, 1331,

1391(b) and 29 U.S.C. § 1132. This Court's pendent jurisdiction is also invoked in relation to

causes of action arising under state law herein included.

5. The unlawful acts  alleged herein were committed in whole or in part in the Southern

District of New York.

2

## PARTIES

6. Plaintiff, is a resident of Queens County, New York within the territorial jurisdiction of the Eastern District of New York.

7. The **UNITED STATES FEDERAL ENVIRONMENTAL PRESERVATION AUTHORITY (USFEPA)** was and still is a corporation sole, duly organized and created by Congress existing under and by virtue of Executive Orders of the President capable of suing and being sued by virtue of the Federal Tort Claims Act.

8. That at all times hereinafter mentioned, the defendant **THE CITY OF NEW YORK,** herein, is a municipality existing and governed by the General Municipal Law of the State of New York while defendant **NEW YORK CITY TRANSIT AUTHORITY** at all times hereinafter mentioned, is a municipal corporation organized and existing by virtue of and under the laws of the State of New York with its principal place of business located at 130 Livingston Street Brooklyn New York 11201.

9. The **PORT AUTHORITY OF NEW YORK AND NEW JERSEY** is a public corporation chartered by an Act of Congress existing thereunder with its principal offices in the City of New York. The port Authority owned managed and controlled the World Trade Center property and controlled the site of the ruins at all times immediately after September 11, 2001 and thereafter.

## DEMAND FOR A JURY TRIAL

10. Plaintiff demands that his case be tried and determined by a jury of his peers resident in the Southern District of New York

## FACTS

11. The claim herein laid by Claimant ANTHONY FELICIEN, as Administrator and

personal representative of the estate of ELDON FELICIEN, Deceased, arose on or about March

01, 2007, when it was discovered that decedent Eldon Felicien, deceased, who died on or about

December 16, 2004 then said to be from then unknown cause(s), indeed died as a result of

inhalation of noxious fumes and substances by the decedent while on duty as a traffic checker on

his duty post at chambers street subway station (underground) during the period on or about

September 11, 2001 and on dates subsequent thereto, Decedent was exposed to noxious and

deadly gases, fumes and substances emitting from the ruins of the World Trade Center as a result

of the negligent and/or affirmative misrepresentation of the respondents to the world at large,

that the air and atmosphere around the vicinity of the ruins of World Trade Center was clean and

free of noxious and deadly gases and substances, which said representation though known to be

false, was meant to be relied upon by the public at large and was indeed relied upon by the

public and particularly, ELDON FELICIEN, deceased, who went to work dutifully at the

chambers street underground subway station on diverse days during and after September 11,

2001, where he inhaled the deadly and noxious fumes gases and substances..

12. Respondent New York Transit Authority decedent's employer failed and or neglected

to supply said ELDON FELICIEN, deceased, with a safe work environment that was free from

all known dangerous and noxious circumstances.

13. Respondents knew and /or ought reasonably have known that the air around the

vicinity of the World Trade Center on September 11, 2001 and during the period immediately

thereafter preceding, was laden with harmful dangerous and noxious substances inhalation of

which had potential lethal consequences.

14. As a result thereof, Eldon Felicien, deceased, subsequently took ill and was

diagnosed with unknown ailment of the respiratory track which resulted in his untimely death.

After numerous tests and research, it has now been determined that his death was a direct result

4

of inhalation of toxic, dangerous and noxious fumes, gases and substances at his place of work on or around September 11, 2001 and periods thereafter.

15. The defendant City of New York and the Port Authority of New York and New Jersey which owned the World Trade Center, actively with defendant USFEPA negligently and/or affirmatively disseminated false information to the generality of the public knowing the same to be false and without regard to the consequences of public relying on said information that the air around the ruins of World Trade Center destruction was safe and devoid of hazard.

16. Decedent Eldon Felicien relied upon said false representation to his peril. He died from respiratory disease contacted from having inhaled toxic and hazardous fumes and gases from the ruins.

17. Eldon Felicien died on or about December 16, 2004.

### PROCEDURAL REQUIREMENTS

18. Plaintiff has satisfied all procedural requirements prior to commencing this action. Heretofore and on a timely basis, a notice of claim was duly served upon the defendants within two years of the accrual of the cause of action. The notice of claim and notice of intention to sue was duly timely served upon the defendants. Plaintiff has duly expressed an intention to submit to an inquiry concerning the justness of his claim at the instance of the corporate defendants.

19. That more than 180 days (six months) have elapsed since the service of the notice of claim and notice of intention to sue upon the defendants respectively. That the defendants have failed, neglected, and refused to pay, settle, compromise, or adjust the claim of the plaintiff herein..

### FOR A FIRST CAUSE OF ACTION

20. Plaintiff herein re-alleges, reiterates and re-pleads the allegations in paragraphs 1 to

5

19 herein as if the same were herein specifically set forth.

21. Upon information and belief, that at all times hereinafter mentioned, defendants acted in concert with, and owned, maintained, and controlled the offices and instrumentalities employed by the defendant Port Authority of New York and New Jersey in their actions and conduct which are all hereinafter mentioned in this action.

22. As a direct and proximate result of the defendants' wrongful conduct, the decedent, ELDON FELICIEN died on 16th day of December, 2004.

23.    The decedent left surviving her various persons who were her next of kin, including ANTHONY FELICIEN and HELENA FELICIEN, decedent's Father and Mother who are entitled to take decedent's intestate personal property, and who have suffered pecuniary injury, including the loss of decedent's financial support.

24.    As a further direct and proximate result of Defendant's negligence and/or negligent misrepresentations, and the death of ELDON FELICIEN caused thereby, plaintiff ANTHONY FELICIEN and his wife have suffered the loss of society and companionship of their son.

## AS AND FOR A SECOND CAUSE OF ACTION

25. Repeats and realleges each and every allegation contained in paragraphs 1, to 24 with the same force and effect as if set forth here at length.

26. In view of the reckless disregard with which defendants negligently and/or affirmatively disseminated false information to the generality of the public without regard to the consequences of public relying on said information that the air around the ruins of World Trade Center destruction was safe and devoid of hazard not caring that the reliance on the said misrepresentation may have fatal consequences and which in fact did result in several fatalities, decedent ELDON FELICIEN was denied of his civil and inalienable right to life preserved under

6

the constitution of the United States of America.

27. Particularly, Defendant, United States Federal Environmental Protection Agency

(USFEPA), is statutorily charged with the duties, among others, of monitoring the quality of air,

determining its toxicity and advising the public of the safety, safeness and fitness for inhalation

thereof, with a reasonable expectation that the public will rely on the correctness and authenticity

of its advisory on public health statements regarding environmental hazards including air quality.

Defendant, United States Federal Environmental Protection Agency (USFEPA), owed a duty of

care to ensure that statements about presence or absence of environmental health hazards in an

advisory to the public is correct, truthful and not false a propaganda actuated by mere political

expediency.

28. Defendant, United States Federal Environmental Protection Agency (USFEPA),

breached this duty of care owed to decedent Eldon Felicien when during the periods immediately

following September 11, 2001 including that day, it disseminated information that was incorrect,

untruthful, false and deliberately distorted for the purposes of political correctness, thereby

misleading decedent Eldon Felicien into relying on the advisory to his peril.

29. Plaintiff claims damages on the footing of aggravated and or punitive damages on

account of the reckless and flagrant abuse of civil rights plaintiff and all others similarly situated

and as a punishment for abuse of public authority, which resulted in the wrongful death of

decedent Eldon Felicien, in the quantum of $10,000,000. ( Ten Million Dollars).

## AS AND FOR A THIRD CAUSE OF ACTION

30. Repeats and realleges each and every allegation contained in paragraphs 1, to 29 with

the same force and effect as if set forth here at length.

31. Defendant, New York City Transit Authority negligently failed to provide decedent

ELDON FELICIEN with a safe working environment by not providing the decedent with proper

and adequate respiratory masks and apparatus to protect him from the deadly toxic and noxious

gases present at his duty post at all times material to this action.

32. By reason of the said negligence of defendant New York City Transit Authority in failing to provide a safe working environment to decedent Eldon Felicien, which resulted in injuries and ultimately the wrongful death of decedent Eldon Felicien, plaintiff claims damages against NYCTA in the quantum of $10,000,000. ( Ten Million Dollars).

**WHEREFORE**, plaintiff demands judgment against the defendants, **THE CITY OF NEW YORK, PORT AUTHORITY OF NEW YORK AND NEW JERSEY, and NEW YORK CITY TRANSIT AUTHORITY and USFEPA,** for the wrongful death, conscious pain and suffering, loss of society and companionship, for the first and third causes of action in the sum of $20,000,000. (Twenty Million Dollars) and punitive damages, plus costs and disbursements of this action, including Attorneys fees in a sum as would be determined by a jury of his peers and any other and further, relief(s) as to the court will seem just and equitable.

Dated: Williamsburg, New York
         November 04, 2007.

ANTHONY C. EMENGO, Esq.
Attorney for Plaintiff
472 Union Avenue, Ste 1000,
Williamsburg, New York 11211.
(718) 937-8000

By: _____
         Anthony C. Emengo, Esq.

8

## DECLARATION

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF KINGS        )

**ANTHONY FELICIEN**, being firstly duly sworn declares that  I have read the

foregoing complaint and know the contents thereof;  the same are true to my knowledge, except

as to matters therein stated to be alleged upon information and belief, and as to those matters I

believe them to be true.

My knowledge above is derived from a perusal of documents and records connected with

this case and from personal knowledge.

Dated:      Williamsburg, New York
            November 04, 2007.


                                        _____
                                        **ANTHONY FELICIEN**

            Anthony O. Emengo
        Notary Public, State of New York
            No. 02EM5070138
          Qualified in Suffolk County
        Commission Expires, 12/9/20__

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
**ANTHONY FELICIEN, as Administrator
and personal representative of the estate of
ELDON FELICIEN, Deceased,**                        CERTIFICATE OF MERIT

     -against-

**THE CITY OF NEW YORK, PORT
AUTHORITY OF NEW YORK AND
NEW JERSEY, and NEW YORK CITY
TRANSIT AUTHORITY and USFEPA**
-------------------------------------------------------X

     I, **ANTHONY C. EMENGO, ESQ.**, an attorney for the plaintiff, do hereby certify that I
have reviewed the facts of this case and have had numerous conferences with the plaintiff, and
together other colleagues and associates, I have thoroughly researched all the questions of Law
raised in the Complaint herein.

     I have also consulted with experts in the field of law involved in the case herein and as a
result thereof, I have concluded that there is a reasonable basis for the commencement of the
above captioned action.

Dated: Williamsburg, New York
     November 04, 2007.

                              **ANTHONY C. EMENGO, ESQ.**
                              Attorney for Plaintiff
                              472 Union Avenue, Ste 1000,
                              Williamsburg, New York 11211.
                              (718) 937-8000

              By:_____
                        Anthony C. Emengo, Esq.



**U.S. Department of Justice**

Civil Division

<hr>

*Washington, D.C. 20530*

March 4, 2007

The Honorable Frederic Block
Senior United States District Judge
Eastern District New York
225 Cadman Plaza East
Brooklyn, New York 11201

      RE:   *Felicien v. U.S. Federal Environmental Protection Agency, et al.,*
            No. 07-4843 (E.D.N.Y.) (Block, J.) (Pollak, M.J.)

Dear Judge Block:

    Defendant United States Environmental Protection Agency (EPA) hereby submits the instant pre-motion letter in response to the Complaint of Anthony Felicien. The EPA respectfully requests that its planned motion to transfer and, if necessary, its planned motion to dismiss on jurisdictional grounds, be addressed at a pre-motion conference at a time to be set by the Court.

    This case is a wrongful death action in which Plaintiff asserts that decedent's death resulted from the "inhalation of noxious fumes and substances [resulting from the WTC collapse] . . . while on duty as a traffic checker" at the Chambers Street Subway Station on and after September 11, 2001. At a hearing before Magistrate Judge Pollak last Thursday, February 28, 2008, we noted two things: That the United States Attorney for the Eastern District of New York had not yet been served with the instant Complaint and that exclusive jurisdiction over this case is vested in the United States Court of Appeals for the Southern District of New York, pursuant to the Air Transportation Safety and System Stabilization of 2001 (ATSSSA), 49 U.S.C. § 40101.

    As to the first issue, we subsequently discovered that the United States Attorney's Office, in fact, was served on December 5, 2007, but that the papers were misplaced, thus leading the attorneys working on the matter to believe, erroneously, that the government had not been served. The undersigned immediately contacted Plaintiff's counsel to inform him of this fact. We apologize for the error, and request that this letter be deemed a *nunc pro tunc* request to extend the time for answering the Complaint from February 4, 2008. There have been no such previous requests. Plaintiff's counsel has informed me that he consents to this request.

    As to the second issue, we note that in *In re WTC Disaster Site*, 414 F.3d 352 (2d Cir.

-2-

2005), the United States Court of Appeals for the Second Circuit definitively ruled that the Section 408 of the ATSSSA requires that any lawsuit arising out of injuries resulting from the airplane crashes at the World Trade Center on September 11, 2008, proceed **only** in the Southern District of New York (*id.* at 375); and that such lawsuits include those involving "claims of injuries from inhalation of air rendered toxic by the fires, smoke, and pulverized debris caused by the terrorist-related aircraft crashes of September 11." *Id.* at 377.  Covered claims are not limited to those who worked in the debris removal or transportation efforts. *See Breeze v. United States*, No. CIV 05-0653 RB/KBM (D. N.M., Dec. 21, 1995) at p. 3 (decision attached).

In addition, while reserving the right to make additional responses to the Complaint, the United States would seek dismissal because, *inter alia*, (1) the EPA is not a proper party, because all tort suits against the United States must be brought against the United States, not against individual agencies (*see* 28 U.S.C. § 2679(a)); and (2) Plaintiff's claim is outside the limited waiver of sovereign immunity provided in the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80, because the claim (a) accrued more than two years before an administrative claim was filed (*see* 28 U.S.C. § 2401(b)), and (b) is barred by the FTCA's discretionary function exception (*see* 28 U.S.C. § 2680(a); *cf. Lombardi v. Whitman*, 485 F.3d 73, 84-85 (2d Cir. 2007) (noting that decisions of EPA Administrator Whitman – essentially the same decisions relied upon in Complaint ¶¶ 26-28 – were the types of decisions not reviewable in judicial proceedings, citing FTCA's discretionary function exception).  If the case is transferred to the Southern District of New York, we would make the dismissal motion there; otherwise, we would make the motion before this Court.

For the foregoing reasons, and reserving the right to assert additional arguments, Defendant EPA plans to move to transfer the Complaint in the above-referenced action to the Southern District of New York and hereby requests a pre-motion conference to set the briefing schedule for the motion.

Respectfully submitted,
/s
David S. Fishback, Assistant Director
Torts Branch (Environmental Torts)
P.O. Box 340, Ben Franklin Station
Washington, D. C. 20044
202-616-4206
David.Fishback@usdoj.gov

Attachment (1)

cc:    Magistrate Judge Pollak
       Counsel of Record

# ATTACHMENT

## Carla Breeze and Wayne Decker
## v.
## United States of America

### No. CIV 05-0653 RB/KBM

**Memorandum and Order dated December 21, 2005**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**CARLA BREEZE and WAYNE DECKER,**

      **Plaintiffs,**

**vs.**                                **No. CIV 05-0653 RB/KBM**

**UNITED STATES OF AMERICA,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** came before the Court on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 5), filed on August 22, 2005. Jurisdiction arises under 28 U.S.C. § 1346(b). Having reviewed the submissions of the parties and the relevant law, I find that this matter should be transferred to the United States District Court for the Southern District of New York for further consideration.

**I. Background.**

      Plaintiffs were out of the country when terrorists attacked the World Trade Center on September 11, 2001. When the towers collapsed, dust, ash, and particulate matter settled on the surrounding area, including the Tribeca Tower where Plaintiffs resided. After they returned to their apartment on September 20, 2001, Plaintiffs began to get sick. Plaintiffs' symptoms included sore throat, migraine headaches, continual coughs, upper respiratory problems, asthma, irritated and watering eyes, sinus infections, nose bleeds, and post traumatic stress. Plaintiffs allege that their symptoms were caused by the dust and ash that settled in and around their apartment.

The EPA assured Plaintiffs that it was safe to remain in their apartment. On February 3, 2002, Plaintiffs had their apartment tested for the presence of hazardous chemicals and materials. The tests indicated that unsafe levels of various toxins existed in the apartment. Plaintiffs moved out of their apartment in October 2002.

On February 19, 2004, Plaintiffs submitted administrative claims to the United States, which were denied. In their Complaint filed herein, Plaintiffs allege negligence, intentional misrepresentation and fraud, and negligent misrepresentation.

Defendant contends that the case should be dismissed for lack of subject matter jurisdiction. Specifically, Defendants argue that exclusive jurisdiction over this matter vested in the Southern District of New York (SDNY) pursuant to the Air Transportation Safety and System Stabilization Act of 2001 (ATSSSA), 49 U.S.C. § 40101, and that the case should be dismissed rather than transferred to the SDNY because Plaintiffs filed untimely administrative claims.

## II.    Standard.

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows dismissal of a complaint for "lack of jurisdiction over the subject matter." FED. R. CIV. P. 12(b)(1). When a party challenges the allegations supporting subject matter jurisdiction, the court has wide discretion to allow affidavits and other documents to resolve disputed jurisdictional facts. *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995); *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). In such a case, reference to evidence outside the pleadings does not necessarily convert the motion to a summary judgment motion under FED. R. CIV. P. 56. *Holt*, 46 F.3d at 1003.

2

### III.    Discussion.

The ATSSSA provides that the SDNY "shall have original and exclusive jurisdiction over all actions brought for any claim (including any claim for loss of property, personal injury, or death) resulting from, or relating to, the terrorist-related aircraft crashes of September 11, 2001." *See* ATSSSA § 408(b)(3). Congress' principal goals were to provide relief without litigation to individuals harmed as a result of the September 11 attacks and to limit the liability of entities that were likely to be sued for injuries suffered in connection with the attacks. *In re WTC Disaster Site*, 414 F.3d 352, 377 (2nd Cir. 2005). The legislative history indicates that Congress intended to consolidate the adjudication of all such causes of action in the SDNY. *Id.*

Claims of injuries from inhalation of air rendered toxic by the fires, smoke, and pulverized debris caused by the terrorist-related aircraft crashes of September 11 are claims "resulting from" and "relating to" those crashes. *In re WTC Disaster Site*, 414 F.3d at 377. Plaintiffs' claims plainly fall into this category. Plaintiffs alleged that they were sickened by dust and ash that settled in and around their apartment as a result of the terrorist attacks. Plaintiffs' alleged injuries are a direct result of the September 11 attacks and, their causes of action result from, and relate to, the September 11 attacks. Accordingly, this court lacks jurisdiction because exclusive jurisdiction over this matter is vested in the SDNY. *See* ATSSSA § 408(b)(3).

Jurisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires a court to transfer such an action "if the transfer is in the interest of justice." *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000). Plaintiffs' cause of action would be time-barred if it were dismissed and they filed a new proceeding in the SDNY, a factor which the courts have recognized as militating in favor of

3

transferring in the interest of justice. *Id.* However, a court is authorized to consider the consequences of a transfer by taking "a peek at the merits" to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is "clearly doomed." *Id.* (citing *Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999)).

An FTCA claim against the federal government must be "presented in writing to the appropriate federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). Federal law governs the point at which a claim accrues under the FTCA. *Hoery v. United States*, 324 F.3d 1220, 1222 (10th Cir. 2003). The general rule for accrual of an FTCA claim outside the medical malpractice context is the "injury-occurrence rule." *Cannon v. United States*, 338 F.3d 1183, 1190 (10th Cir. 2003). An FTCA tort claim accrues on the date of the injury's occurrence. *Plaza Speedway Inc. v. United States*, 311 F.3d 1262, 1267-68 (10th Cir. 2002). A different rule, the discovery rule, applies only in exceptional cases where a reasonably diligent plaintiff could not immediately know of the injury and its cause. *Id.* at 1268. In such cases, an FTCA claim accrues at the time when a reasonably diligent plaintiff would have known of the injury and its cause. *Id.* at 1267.

When the towers collapsed on September 11, 2001, dust, ash, and particulate matter settled on the surrounding area, including Plaintiffs' apartment. Plaintiffs allege that they fell ill after they returned to their apartment on September 20, 2001. On February 3, 2002, Plaintiffs had their apartment tested for toxins by an environmental laboratory. (Def. Ex. 1.) A laboratory report was issued on March 6, 2002, indicating the presence of toxins in Plaintiff's apartment. Construing the allegations in the light most favorable to Plaintiffs indicates that the claims may not be time barred. The Court does not wish to raise false hopes or waste judicial resources. However, I find that this matter should be transferred to the SDNY as I do not believe that the cause is "clearly doomed."

4

**WHEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 5), filed on August 22, 2005, is **DENIED** because I find that the jurisdictional defects may be cured by transfer to the United States District Court for the Southern District of New York.

**IT IS FURTHER ORDERED** that this matter is transferred in the interests of justice to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1631.

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**

5

## U.S. District Court
## District of New Mexico - Version 3.0 (Las Cruces)
## CIVIL DOCKET FOR CASE #: 2:05-cv-00653-RB-KBM

Breeze, et al v. USA
Assigned to: District Judge Robert Brack
Referred to: Magistrate Judge Karen B. Molzen
Demand: $0
Cause: 28:1391 Personal Injury

Date Filed: 06/10/2005
Date Terminated: 12/21/2005
Nature of Suit: 360 P.I.: Other
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Carla Breeze**                                   represented by   **Esteban A. Aguilar, Sr.**
1803 Rio Grande Blvd. NW
Albuquerque, NM 87104
505-242-6677
Fax: 505-242-6655
Email: eaa@aguilarlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Felicia C. Weingartner**
1803 Rio Grande Blvd. NW
Albuquerque, NM 87104
505-242-6677
Fax: 505-242-6655
Email: fcw@aguilarlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Wayne Decker**                                   represented by   **Esteban A. Aguilar, Sr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Felicia C. Weingartner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**United States of America**                       represented by   **Jan Elizabeth Mitchell**
United States Attorneys Office
Civil Division
P.O. Box 607
Albuquerque, NM 87102
505 346-7274
Fax: 505 346-7205
Email: jan.mitchell@usdoj.gov

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/10/2005 | 1 | COMPLAINT for Personal Injury (2 Summons(es) Issued) (referred to Magistrate Judge Karen B. Molzen) (nc) Modified on 06/14/2005 (Entered: 06/13/2005) |
| 06/10/2005 | | FILING FEE PAID: on 6/10/05 in the amount of $250.00, receipt #: 129821. (nc) (Entered: 06/13/2005) |
| 06/10/2005 | | LETTER re: consent to proceed before a US Magistrate Judge (nc) (Entered: 06/13/2005) |
| 08/02/2005 | 2 | NOTICE by USA of refusal to consent to proceed before a U.S. Magistrate Judge * (sl) (Entered: 08/02/2005) |
| 08/03/2005 | 3 | MINUTE ORDER: transferring case to the Las Cruces Division and reassigning case from Magistrate Judge W. Daniel Schneider to District Judge Robert Brack (cc: all counsel*) (sl) (Entered: 08/03/2005) |
| 08/18/2005 | 4 | ENTRY OF APPEARANCE for defendant by Jan E. Mitchell * (sl) (Entered: 08/18/2005) |
| 08/22/2005 | 5 | MOTION by defendant to dismiss for lack of jurisdiction * (jrm) (Entered: 08/22/2005) |
| 08/22/2005 | 6 | MEMORANDUM of law by defendant in support of motion to dismiss for lack of jurisdiction [5-1] * (jrm) (Entered: 08/22/2005) |
| 09/07/2005 | 7 | RESPONSE by plaintiffs to motion to dismiss for lack of jurisdiction [5-1] * (sl) (Entered: 09/08/2005) |
| 09/26/2005 | 8 | REPLY by USA to response to motion to dismiss for lack of jurisdiction [5-1] * (sl) (Entered: 09/26/2005) |
| 12/09/2005 | 9 | NOTICE by defendant of completion of briefing on motion to dismiss [5-1] (sl) (Entered: 12/09/2005) |
| 12/21/2005 | 10 | MEMORANDUM, OPINION, AND ORDER: by District Judge Robert Brack denying deft's motion to dismiss for lack of jurisdiction [5-1] Case transferred to Dist of: Southern New York (cc: all counsel*) (sl) (Entered: 12/21/2005) |
| 12/21/2005 | | LETTER to the Southern District of New York w/copies of the file and docket sheet pursuant to the memorandum opinion & order entered by District Judge Robert Brack (yc) (Entered: 12/21/2005) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/03/2008 14:32:19 | | |
| PACER Login: | dc3752 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 2:05-cv-00653-RB-KBM |
| Billable Pages: | 2 | Cost: | 0.16 |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------
Anthony Felicien,
                    Plaintiff,
                                                                NOTICE

  -vs-


U.S. Federal Environmental Protection Agency., et. al.,      CV-07-4843(FB) (CP)
                        Defendant.


------------------------------------------------------


        A pre-motion conference in the captioned case is scheduled for <u>April 18, 2008</u>
<u>at 11:00AM</u> before Judge Frederic Block in courtroom 10C, 10th floor-.  Upon receipt of this notice,
counsel are to consult and confirm with one another the date and time of this pre-motion conference.

        The Court expects the parties to be conversant with the underlying facts and prepared
to discuss the legal issues arising therefrom.  The parties are reminded that they are obligated to
discuss the prospect of settlement and may be required to provide the Court with a report of such
discussions. Counsel who are located out of town and would like to participate by telephone shall
contact the Court's case manager 48 hours in advance of the conference with counsel's name and
telephone number, since the Court will be calling counsel.

        Counsel are instructed to review Judge Block's individual practices located on the
Court's website at www.nyed.uscourts.gov.

        The clerk is directed to mail copies of this notice to all parties.


DATED: Brooklyn, New York
        March 19, 2008



                                        _____
                                        MICHAEL J. INNELLI
                                        CASE MANAGER
                                         (718) 613-2425

TIME! 30 MINUTES.

**CIVIL CAUSE FOR** A PRE-MOTION CONFERENCE

BEFORE BLOCK. J..     4/18/08          TIME: 11AM

CV-07-4843(FB)

TITLE: FELICIEN. -vs- USFEPA.

PLTFFS ATTY: _____

     ___ present      ___ not present

Anthony EMENGO. (516) 770-2696.

   X present      ___ not present

_____

     ___ present      ___ not present

DEFTS ATTY: AUSA- STEVEN TALSON. (202) 616-4229

   X present      ___ not present

MELISSA KATZ - NYC TRANSIT.

   X present      ___ not present

_____

     ___ present      ___ not present

REPORTER NOT REPORTED          COURTROOM DEPUTY MJI

OTHER: _____

X   CASE CALLED.

___   Conf. adj'd to _____.

All Counsel present by telephone, anticipated
motion discussed, the case will be transferred
to the SDNY. As related to September 11, 2001
cases. Which is assigned to J. Hellerstein.

_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------
Anthony Felicien,
                Plaintiff,

                                                ORDER

    -vs-
                                        CV-07-4843(FB)(CP)


U.S. Federal Environmental Protection Agency, et. al.,


                Defendants.
--------------------------------------------------



        On April 18, 2008 the Court held a pre-motion conference, off the record with all counsel present. Upon speaking with counsel the Court determined that this action should be transferred to the Southern District of New York pursuant to In re WTC Disaster Site, 414 F. 3d 352 (2d Cir.2005). Accordingly it is

        HEREBY ORDER that this complaint shall be transferred to the Southern District of New York and assigned to Judge Hellerstein as related to 21-MC-100. The clerk shall transfer the file forth with.


                                s/Frederic Block

                            UNITED STATES DISTRICT JUDGE



DATED:  Brooklyn, N.Y.
            April 21, 2008

# UNITED STATES DISTRICT COURT
## Eastern District of New York

Robert C. Heinemann
Clerk

Terry Vaughn
Chief Deputy of Operations

Douglas Palmer
Chief Deputy of Automation

Brooklyn Office:
225 Cadman Plaza East
Brooklyn, New York 11201

Long Island Office:
100 Federal Plaza
Central Islip, New York 11722

April 21, 2008

District Clerk
120 Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:    Felicien v. U.S. Federal Environmental Protection Agency, et al.
       1:07-CV-4843(FB)

Dear Clerk:

As per the Order transferring jurisdiction of the above referenced defendant to the District of Puerto Rico, the following documents are enclosed:

_____    Certified Copy of  Transfer Order/ (Prob 22)

_____    Certified Copy of J&C/Indictment

_____    Certified Docket Sheet

_____    Entire File

_____    Other:_____

_____    Kindly acknowledge receipt of the above-cited documents on the enclosed copy
           of this letter as well as the new case number issued in your District. Please return
           said copy to our Brooklyn Office.

Sincerely yours
Robert C. Heinemann, Clerk of Court
By:


Tiffeny Lee

**FedEx** USA Airbill

FedEx Tracking Number 8161 7816 8283

**1 From** Please print and press hard.

Date 4/21/2008

Sender's FedEx Account Number 1506-2096-1

Sender's Name T. Lee

Company US DISTRICT COURT

Address 225 CADMAN PLZ E

City BROOKLYN State NY ZIP 11201

Phone 718-613-2610

**2 Your Internal Billing Reference**
First 24 characters will appear on invoice.

TCV4843(FB)

**3 To**

Recipient's Name District Clerk Phone ( )

Company United States District of New York

Address 500 Pearl Street

City New York State NY ZIP 10007-1312

011393738

**To** 0215

SPH32

SRF

359

**4a Express Package Service** Packages up to 150 lb.

☐ FedEx Priority Overnight
☒ FedEx Standard Overnight
☐ FedEx First Overnight

**4b Express Freight Service** Packages over 150 lb.

☐ FedEx 1Day Freight
☐ FedEx 2Day Freight
☐ FedEx 3Day Freight

**5 Packaging**

☐ FedEx Envelope
☐ FedEx Pak
☐ FedEx Box
☐ FedEx Tube
☐ Other Pkg.

**6 Special Handling**

☐ SATURDAY Delivery
☐ HOLD Weekday
☐ HOLD Saturday

Does this shipment contain dangerous goods?
☐ No ☐ Yes ☐ Yes ☐ Dry Ice ☐ Cargo Aircraft Only

**7 Payment** Bill to:

☐ Sender ☐ Recipient ☐ Third Party ☐ Credit Card ☐ Cash/Check

**8 Release Signature**

NEW Peel and Stick FedEx USA Airbill!
See back for application instructions.

**Questions? Call 1-800-Go-FedEx** (800-463-3339)
Visit our Web site at www.fedex.com