UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                             :
IN RE WORLD TRADE CENTER DISASTER    :   **ORDER DISMISSING CLAIMS**
SITE LITIGATION                                    :   **UNDER WORKERS'**
                                                             :   **COMPENSATION LAW**
------------------------------------------------------------ :
ANTHONY FELICIEN, as Administrator and   :   21 MC 100 (AKH)
personal representative of the estate of ELDON   :
FELICIEN, Deceased,                         :
                                                             :
                             Plaintiff,        :
            -against-                          :
                                                             :
U.S. FEDERAL ENVIRONMENTAL         :   08 Civ. 3847 (AKH)
PROTECTION AGENCY (USFEPA), THE CITY   :
OF NEW YORK, PORT AUTHORITY OF NEW   :
YORK AND NEW JERSEY, and NEW YORK   :
CITY TRANSIT AUTHORITY,              :
                                                             :
                             Defendants.   :
                                                             :
------------------------------------------------------------ x
ALVIN K. HELLERSTEIN, U.S.D.J.:

      Defendant New York City Transit Authority ("Transit Authority") brings this motion to dismiss Plaintiff Eldon Felicien's claims, pursuant to Fed. R. Civ. P. 12(b)(6), alleging that Defendant tortiously allowed Plaintiff's son, a Transit Authority employee, to be exposed to toxic dust after the September 11 attacks. Because Plaintiff's exclusive remedy against its employer is under the New York Workers' Compensation Law, I grant Defendant's motion.

      Eldon Felicien worked as a traffic checker for the New York City Transit authority and was posted at the Chambers Street subway station on or about September 11 and thereafter. Compl. ¶ 11. He was exposed to the fumes and dust caused by the attack. Id. Plaintiff alleges that Defendants made "negligent and/or affirmative misrepresentations" that the air was clean, with knowledge that this was false and with the intention that the public rely on the misrepresentation. Id. ¶¶ 11, 13, 15. Mr. Felicien allegedly relied on these misrepresentations when deciding to work in proximity of the World Trade Center site. Id. ¶

1

16. Plaintiff also alleges that the Transit Authority "failed and or neglected" to supply Mr. Felicien with a safe work environment. Id. ¶ 12. As a result, Plaintiff alleges, Mr. Felicien suffered an unknown respiratory ailment causing his death on or about December 16, 2007. Id. ¶ 11, 14, 17.

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

Defendant argues that because Plaintiff's exclusive remedy against its employer is under the New York State Workers' Compensation Law his complaint fails to state a claim to relief.

New York Workers' Compensation laws provide the exclusive remedy for employees' injuries caused by employers' negligence that arise out of and in the course of employment. See N.Y. Workers' Comp. Law §§ 10, 11, 29(6) (2003). "The liability of an employer under workers' compensation 'shall be exclusive and in place of any other liability whatsoever, to such employee, his personal representatives, spouse, parents, dependents or next of kin, or anyone otherwise entitled to recover damages, at common law or otherwise on account of such injury or death,' so long as the employer has paid into the workers' compensation system." Greene-Wotton v. Fiduciary Trust Co. Int'l, 324 F. Supp. 2d 385, 392-93 (S.D.N.Y. 2003) (quoting N.Y. Workers' Comp. Law § 11). Because the Transit Authority was Mr. Felicien's employer, any negligence action against it on his behalf must be brought under the Workers' Compensation Laws.

Plaintiff argues that the Workers' Compensation Law does not bar his claims because he alleges intentional conduct as opposed to negligence. "Where injury is sustained to an

2

employee due to an intentional tort perpetrated by the employer . . . , the Work[er]s' Compensation Law is not a bar to a[n] . . . action for damages." Finch v. Swingly, 348 N.Y.S.2d 266, 268 (App. Div. 1973).

Plaintiff alleges that Defendant made misstatements regarding the air safety in the World Trade Center's vicinity with knowledge of the actual danger and with the purpose of inducing the public's reliance. However, "to constitute an intentional tort, the conduct must be engaged in with the desire to bring about the consequences of the act." Id. Because Plaintiff does not allege that the Transit Authority acted with the intent to cause the disease that allegedly resulted from its conduct, his claim sounds in negligence and his exclusive remedy is with the New York Workers' Compensation Board.

For the reasons stated above, I grant Defendant's motion to dismiss. The Clerk shall mark the motion (Doc. No. 4) as terminated.

SO ORDERED.

Dated:  November 13, 2009
        New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3